## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**CRIMINAL ACTION NO. 4:11-CR-00008-JHM**

**UNITED STATES OF AMERICA**                                                   **PLAINTIFF**

**V.**

**DAVID ALLEN THOMPSON**                                                   **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant David Thompson's Motion to Dismiss Counts 1, 2, 3, and 12 of the Superseding Indictment [DN 41]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court **GRANTS** the Defendant's motion to dismiss counts 1, 2, 3, and 12 of the superseding indictment.

### I. BACKGROUND

The Defendant is charged in Counts 1, 2, 3 and 12 of the Superseding Indictment with transferring obscene material to a minor, conspiring to entice a minor, and attempting to receive child pornography, all involving the use of a computer and the internet. Recently received evidence shows, and the government does not dispute, that the Defendant was not in the Western District of Kentucky at various times alleged in these four counts. Defendant has filed a motion to dismiss these counts arguing that Kentucky is not the appropriate venue for the prosecution of these alleged offenses.

### II. DISCUSSION

"Both the United States Constitution and Rule 18 of the Federal Rules of Criminal Procedure provide that a person can be tried for a crime only where that crime was committed." United States v. Wood, 364 F.3d 704, 709-710 (6th Cir.2004) (citing United States v. Cabrales, 524 U.S. 1, 6-7

(1998)). Specifically, the Constitution requires that all criminal trials "shall be held in the State where the said Crimes shall have been committed." U.S. Const. art. III, § 2, cl. 3. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. Fed. R. Crim. P. 18 likewise provides that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." See Wood, 364 F.3d at 710.

"[T]he locus delecti [of the crime charged] must be determined from the nature of the crime alleged and the location of the act or acts constituting it." Cabrales, 524 U.S. at 6-7. In determining the "locus delecti" of a crime, the Supreme Court instructs courts to "initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." United States v. Rodriguez-Moreno, 526 U.S. 275, 279 (1999). "Venue is therefore appropriate only in the district where the conduct comprising the essential elements of the offense occurred." Wood, 364 F.3d at 710.

"For venue purposes in federal criminal cases, Congress has the power to create a 'continuing offense' by defining 'the locality of a crime to extend over the whole area through which force propelled by an offender operates.'" U.S. v. Canal Barge Co., Inc., 631 F.3d 347, 351 (6th Cir. 2011) (citing United States v. Johnson, 323 U.S. 273 (1944)). Congress codified 18 U.S.C. § 3237 which is a "catch-all venue provision, [and] covers situations where the elements of the offense are committed in more than one district." Id. The statute's applicable part states:

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

2

Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves.

18 U.S.C. § 3237(a).

The internet has become a means of committing an offense in several districts. In addressing the use of the internet, the Fifth Circuit discussed interstate and foreign commerce under 18 U.S.C. § 2422 and § 1470, determining that "it is beyond debate that the Internet and email are facilities or means of interstate commerce." U.S. v. Barlow, 568 F.3d 215, 220 (5th Cir. 2009) (citing United States v. Runyan, 290 F.3d 223, (5th Cir. 2002) (holding that for the purposes of 18 U.S.C. 2251, "transmission of photographs by means of the Internet is tantamount to moving photographs across state lines and thus constitutes transportation in interstate commerce (citation omitted)). Therefore, venue can be established through the location of an IP address as well as from the physical location where pictures were uploaded and viewed. U.S. v. Powers, 364 Fed.Appx.979, 984 (6th Cir. 2010).

The government bears the burden of proving venue by a preponderance of the evidence. U.S. v. Ramirez, 420 F.3d 134, 139 (2nd Cir. 2005); United States v. Crozier, 259 F.3d 503, 519 (6th Cir. 2001). "Because venue is an essential aspect of the government's case, '[i]f the government does not establish venue and the defendant objects at trial, then an appellate court must reverse the conviction.'" Wood, 364 F.3d at 710 (quoting United States v. Scaife, 749 F.2d 338, 346 (6th Cir.1984)).

## A. Venue for Counts 1 and 12

Counts 1 and 12 of the Superseding Indictment [DN 30] were brought alleging a violation of 18 U.S.C. 1470, which states:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, knowingly transfers obscene matter to another individual who has not attained the age of 16 years, knowing that such other individual has not attained the age of 16 years, or attempts to do so, shall be fined under this title, imprisoned not more than 10 years, or both.

The Defendant has produced evidence from his employer that shows he was in Alexandria, Louisiana, on April 17, 2010, the date alleged in Count 1. Similarly, business records show that Defendant was in Tennessee on April 26, 2011, the date alleged in Count 12. Defendant contends that venue is improper in Kentucky because: (1) he was not in the Western District of Kentucky on April 17, 2010 or April 26, 2011, (2) the recipients of the video transmissions were located either in Australia or Washington State, and (3) no illegal image or transmission entered into Kentucky.

As noted, the United States does not dispute the Defendant's whereabouts on the dates in question, however, the United States argues that Defendant "committed a substantial step toward violating section 1470, i.e., securing and transporting the essential tool, while in the Western District of Kentucky." (U.S.' Resp. To Mot. To Dismiss, 9 [DN 44].) The United States contends that since Fed. R. Crim. P. 31(c) allows conviction of attempt as a lesser included offense, even though not charged in the indictment, venue is proper in the Western District of Kentucky because a substantial step towards commission of the offense occurred there. According to the government, the Defendant took a substantial step towards committing these internet crimes when he left Kentucky with his laptop—the essential tool.

"For an individual to be convicted of an attempt crime, the government must demonstrate a defendant's intent to commit the proscribed criminal conduct together with the commission of an overt act that constitutes a substantial step towards commission of the proscribed criminal activity." U.S. v. Bilderbeck, 163 F.3d 971, 975 (6th Cir. 1999). The court elaborated, requiring "that the

4

substantial step consist of objective acts that mark the defendant's conduct as criminal in nature."

Id. (citing United States v. Pennyman, 889 F.2d 104, 107 (6th Cir. 1989); see also U.S. v. Bailey, 228 F.3d 637, 640 (6th Cir. 2000) ("A substantial step must be something more than mere preparation . . . . [I]t must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate the statute." (quotation omitted)). As the United States Supreme Court stated, "the mere intent to violate a federal criminal statute is not punishable as an attempt unless it is also accompanied by significant conduct." U.S. v. Resendiz-Ponce, 549 U.S. 102, 107 (2007). As an example of a substantial step, a court in the Eastern District of Virginia, addressing an attempt charge of knowingly receiving child pornography in interstate commerce, found that a defendant took a substantial step toward receiving child pornography by viewing the introductory page of a website that contained child pornography and making a payment with his debit card. U.S. v. Russo, 2009 WL 3839299, *2 (E.D. Va. 2009).

The Court concludes that venue for the prosecution of Counts 1 and 12 is not appropriate in the Western District of Kentucky. In both counts, Defendant is charged with transmitting live streaming video to underage females. Defendant was not located in the Western District of Kentucky when the actual transfer occurred. The recipients were not in the Western District of Kentucky. There is no evidence of any recording or transmission of any obscene material entering into the Western District of Kentucky. The Court does not consider owning a laptop computer, and traveling with it to another state, as a substantial step towards commission of the crimes alleged in Counts 1 and 12. Owning and transporting a personal laptop does not "mark the [D]efendant's conduct as criminal in nature." Bilderbeck, 163 F.3d at 975. Accordingly, the Court **GRANTS** the

motion to dismiss Counts 1 and 12 of the Superseding Indictment.

**B. Venue for Counts 2 and 3**

Defendant argues that venue is improper for Count 2 which alleges that "on or about and between December 2010 and May 11, 2011" Defendant "conspired with others" to "induce, and entice a minor to engage in sexually explicit conduct outside of the United States" for the purpose of transporting the visual depiction back to the United States in violation of 18 U.S.C. 2251(c) and (e). (Super. Indict. 2 [DN 30].) Count 3 alleges that Defendant, on May 9, 2011 and May 11, 2011, "attempted to knowingly receive child pornography" and "transported [it] in interstate and foreign commerce by any means, including by computer" in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1). (Id.) The person[1] that Defendant is alleged to have conspired with was located in the Philippines, under the username fhe_santos.

In response to the motion to dismiss, the United States seems to argue that there is evidence to show venue is proper for the conspiracy count by stating that "[t]he proof regarding Count 2 is demonstrated through the chat text recovered from the laptop, email demonstrating effort to set up Western Union transmission from the laptop, and financial records from Xoom indicating repeat efforts to send money to the Philippines to same recipient as May 11, 2011." (U.S.' Response to Mot. to Dismiss, 10 [DN 44].)

Defendant counters by stating that all of the disclosed evidence relates to communications at times when the Defendant was outside the Western District of Kentucky. Employment expense

---

[1] It is disputed if this person is a woman or a man. Defendant stated in his brief that the person was an adult woman, while the United States contends that there is no evidence that the other person was a woman. For venue purposes it only matters that the other person and the minor children involved were located in the Philippines.

reports submitted by Defendant show that during the entire time period of May 9 through May 11, the Defendant was traveling in Tennessee. Defendant states that the only other documented communications with fhe_santos occurred on dates in which he was traveling outside of the Western District of Kentucky. Electronic communication records show two other communications with fhe_santos that occurred on December 7, 2010 and December 28, 2010. IP addresses for those dates reveal that Defendant was in Paris, Tennessee on December 7, 2010 and in French Lick, Indiana on December 28, 2010. Defendant concludes that venue is, therefore, improper in the Western District of Kentucky.

The United States again argues that Defendant's laptop was an integral tool in the conspiracy to produce child pornography for transmission from the Philippines to the United States. "Thompson committed a substantial step toward violating section 2251(c), i.e. securing and transporting the essential tool, while in the Western District of Kentucky." (U.S.' Response to Mot. to Dismiss, 10 [DN 44].) The United States' argument is similar for Count 3, by "securing and transporting the computer to be used for the transport of child pornography while in the Western District of Kentucky," venue is proper. Id. at 12.

The Court concludes that the government has not met its burden of proving venue is proper in the Western District of Kentucky for Counts 2 and 3. Again, owning a laptop and traveling with it can not be anything more than mere preparation under these circumstances. In addition, none of the chat texts, emails or financial records supporting Count 2 have been shown to have taken place in the Western District of Kentucky. None of these communications entered into Kentucky. Finally, there is no proof that any visual depiction was recorded and sent or transported into the Western District of Kentucky. Accordingly, the Court **GRANTS** dismissal of Counts 2 and 3 of the

Superseding Indictment.

## III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion to dismiss

counts 1, 2, 3, and 12 [DN 41] is **GRANTED**.  The United States' motion pursuant to Fed. R. Crim.

P. 15 for Witness Deposition [DN 42] is **DENIED** as moot.

cc: counsel of record